No. 2306.—HENRY LUSSEE *v.* HARRY T. HAYS, Sheriff, and NEWTON RICHARDS.

In this case the district judge gave, as reasons for dissolving the injunction "that none of the witnesses presented by the plaintiff were entitled to credit and belief." Five witnesses testified that the ownership of the property seized was not in the judgment debtor, but was in the plaintiff in injunction. No countervailing evidence was offered, nor was any effort made to impeach or discredit the witnesses offered by the plaintiff. Held, by the Supreme Court, that the judge of the district court erred in substituting his own belief of the credibility of the witnesses offered for that of other and counter testimony.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Samuel Myers* and *J. D. Augustine*, for plaintiff and appellant. *Hays & New*, for defendants and appellees.

WYLY, J. The plaintiff alleges that the defendant, Newton Richards, has caused the sheriff of the parish of Orleans, under a writ of *fieri facias* issued in the judgment of the said Richards *v.* Caspar Lusse, to seize his store fixtures and stock in the store house at 178 New Levee street, New Orleans, of the value of two thousand dollars; that the same is his property and in no manner liable to seizure under said judgment against Caspar Lusse. He prayed for and obtained the writ of injuction; he also prayed for ten thousand dollars damages against the defendant, Newton Richards, and the sheriff, and that the judgment be made perpetual.

The defendant, Richards, pleaded the general denial, and alleged that the property seized belonged to his judgment debtor, Caspar Lusse; that if there has been any transfer by Caspar Lusse to his son, the present plaintiff, it is simulated and fraudulent and without effect as to him. He prayed for the dissolution of the injunction with damages.

The court gave judgment for the defendants, dissolving the injunction, with fifty dollars damages and costs. The plaintiff has appealed.

The testimony of the plaintiff and of his father, Caspar Lusse, and of William Hanneman, corroborated by the evidence of two other witnesses, show, beyond doubt, that the plaintiff is the owner and possessor of the property seized, and that it does not belong to the defendant in execution, Caspar Lusse.

There was no evidence to the contrary introduced by the defendants.

In the opinion of the judge *a quo* he assigns for reason " that none of the witnesses produced by the plaintiff were entitled to credit and belief."

There was no attempt to discredit the evidence of these witnesses; nor was there any proof adduced by the defendants to show that the property seized had ever been owned or possessed by Caspar Lusse.

With due regard to the opinion of the learned judge who tried the case, as to the credibility of the witnesses, we think his judgment erroneous.

Without countervailing evidence we do not feel disposed to ignore the positive sworn statements of five witnesses whose veracity has not been impeached.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment for the plaintiff decreeing him the owner of the property seized, perpetuating the injunction, and that the defendants pay costs of both courts.

Rehearing refused.